[Cite as *Ferguson v. Toledo Correctional Inst.*, 2010-Ohio-5828.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEOFFREY FERGUSON

Plaintiff

v.

TOLEDO CORRECTIONAL INSTITUTION

Defendant
Case No. 2010-01891-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)    Plaintiff, Geoffrey Ferguson, an inmate incarcerated at defendant, Toledo Correctional Institution (TCI), filed this action alleging his personal property was stolen on October 1, 2009 as a proximate cause of negligence on the part of TCI staff in unlocking his cell thereby facilitating theft attempts.  Plaintiff seeks recovery of damages in the amount of $467.82, the stated replacement cost of his stolen property items.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} 2)    Defendant filed an investigation report admitting liability for plaintiff's property loss, but asserting plaintiff's damage award should be limited to $399.00. Defendant submitted a document signed by plaintiff acknowledging his agreement to accept a damage award of $399.00

CONCLUSIONS OF LAW

{¶ 3} 1)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable

attempts to protect, or recover" such property.

{¶ 4}  2)  Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 5}  3)  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 6}  4)  Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 7}  5)  In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 8}  6)  Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possessions in the cell when they are absent from the cell.  *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶ 9}  7)  Negligence on the part of defendant has been shown in respect to the issue of property protection.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.  Plaintiff has proven damages in the amount of $339.00.

{¶ 10}  8)  The $25.00 filing fee may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEOFFREY FERGUSON

     Plaintiff

     v.

TOLEDO CORRECTIONAL INSTITUTION

     Defendant
     Case No. 2010-01891-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $424.00, which includes the filing fee. Court costs are assessed against defendant.

                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:

Geoffrey Ferguson, #565-845     Gregory C. Trout, Chief Counsel
2001 E. Central Avenue          Department of Rehabilitation
Toledo, Ohio  43608            and Correction
                              770 West Broad Street
                              Columbus, Ohio  43222

RDK/laa
6/23
Filed 8/3/10
Sent to S.C. reporter 11/23/10